**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STRUCTURAL IRON WORKERS ) <br> LOCAL UNION NO. 1 PENSION TRUST ) <br> FUND, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> TNT SUPERSTEEL CORPORATION, an ) <br> Illinois Corporation; and ) <br> TINA STEVENS d/b/a TNT SUPERSTEEL ) <br> CORPORATION an Individual, ) <br> ) <br> Defendants. ) | CASE NO.: 16-CV-2938 <br><br> JUDGE: <br><br> MAG. JUDGE: |

**COMPLAINT**

NOW COMES, Plaintiff, the STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND ("PENSION FUND"), by and through its attorneys JOHNSON & KROL, LLC, complaining of the Defendants TNT SUPERSTEEL CORPORATION ("TNT SUPERSTEEL"), an Illinois Corporation, and TINA STEVENS d/b/a TNT SUPERSTEEL CORPORATION ("STEVENS"), an individual, and alleges as follows:

**JURSIDICTION AND VENUE**

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). (29 U.S.C. § 1132). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PENSION FUND, the Structural Iron Workers Local Union No. 1 Welfare Fund, the Structural Iron Workers Local Union No. 1 Annuity Fund, the Apprenticeship Training and Journeyman's

Retraining Fund, the Nation I.W. Apprenticeship Fund, and the Local No. 1 Scholarship Fund (collectively "TRUST FUNDS") are administered at 7700 Industrial Drive, Forest Park, Illinois 60130, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS have been established pursuant to collective bargaining agreements entered into between Local Union No. 1 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers, AFL-CIO ("LOCAL 1") and the Associated Steel Erectors of Chicago, Illinois ("Principal Agreement"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. The TRUST FUNDS are administered pursuant to the terms and provisions of certain Agreements and Declarations of the Trust (the "Trust Agreements").

5. The PENSION FUND is required to receive, hold and manage all monies required to be contributed to the TRUST FUNDS and is the authorized collection agent under the Principal Agreement and Trust Agreements for contributions and deductions to the TRUST FUNDS required under the Principal Agreement.

6. LOCAL 1 is the bargaining representative of Defendant TNT SUPERSTEEL's bargaining unit employees.

7. The Defendant TNT SUPERSTEEL is a dissolved Illinois corporation with its principal place of business located in Bloomingdale, Illinois.

8. The Defendant STEVENS is an individual and is the President of the Defendant TNT SUPERSTEEL.

## **COUNT 1 – BREACH OF CONTRACT**

9. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. The Defendant TNT SUPERSTEEL is an employer engaged in an industry effecting commerce which entered into a Compliance Agreement whereby it agreed to be bound by the provisions of the Principal Agreement for all times relevant to this action. (A copy of the Compliance Agreement is attached as Exhibit 1); (A copy of the Principal Agreement is attached as Exhibit 2).

11. Through the agreements referred to in paragraph 10, the Defendant TNT SUPERSTEEL also became bound by the provisions of the Trust Agreements.

12. Pursuant to the provisions of the Principal Agreement and the Trust Agreements, TNT SUPERSTEEL is required to make monthly reports of hours worked by covered employees and pay contributions to the PENSION FUND at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Principal Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the PENSION FUND on a timely basis are responsible for the payment of liquidated damages equal to twenty percent (20%) of the amount unpaid and interest at the rate of prime plus two percent (2%) per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

14. Pursuant to the Principal Agreement, TNT SUPERSTEEL is required to deduct union wage assessments from its employee's paychecks and remit payments of those dues to the PENSION FUND.

15. At all times relevant, STEVENS was the President of Defendant TNT SUPERSTEEL.

16. On or about November 13, 2015, Defendant TNT SUPERSTEEL was involuntarily dissolved by the State of Illinois. (Sec. of State Report is attached as Exhibit 3.)

17. Defendant STEVENS, as the President of Defendant TNT SUPERSTEEL, knew or reasonably should have known that Defendant TNT SUPERSTEEL had been dissolved by the State of Illinois.

18. Notwithstanding the November 13, 2015 dissolution of Defendant TNT SUPERSTEEL's corporate status, Defendant STEVENS continued to operate Defendant TNT SUPERSTEEL.

19. Defendant TNT SUPERSTEEL continued to perform the same type of work it had performed prior to its involuntary dissolution and continued to represent itself as a corporation.

20. Subsequent to its dissolution Defendant TNT SUPERSTEEL continued to incur debts and liabilities to creditors in so carrying on its business.

21. Pursuant to 805 ILCS 5/8.65(3), STEVENS is personally liable for any debts or liabilities, or any improper acts of Defendant TNT SUPERSTEEL after November 13, 2015, the date of its dissolution.

22. Defendant TNT SUPERSTEEL did not timely submit contribution payments for the month of October 2015 on or before November 15, 2015, as required by the Principal Agreement and the Trust Agreements.

23. Defendant TNT SUPERSTEEL has failed to submit contribution payments for the month of January 2016 in the principal amount of $17,881.92.

24. Defendant TNT SUPERSTEEL has failed to submit contribution reports and payments in an unknown amount for the month of February 2016.

25. As a result of the untimely and missing contribution payments, liquidated damages have been assessed in an amount equal twenty percent (20%) of the amount unpaid and interest at the rate of prime plus two percent (2%) per month for each month that contributions remain unpaid.

26. Defendant TNT SUPERSTEEL currently owes liquidated damages in the amount of $6,812.33 and interest in the amount of $68.59 for the month of October 2015, and liquidated damages in the amount of $3,576.38 and interest in an unknown amount for the month of January 2016. Further liquidated damages and interest are owed in an unknown amount for the month of February 2016, and interest continues to accrue for all outstanding contribution amounts.

27. Upon information and belief, TNT SUPERSTEEL has failed to remit wages, in an unknown amount, to some or all of its bargaining unit employees who performed work under the Principal Agreement for the months of January and February 2016.

28. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Defendants.

29. Plaintiffs have complied with all conditions precedent in bringing this suit.

30. Defendants are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Principal Agreement, the Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully requests that:

A.  That Defendants TNT SUPERSTEEL and STEVENS be ordered to submit the contribution reports for the month of February 2016 within five (5) days;

B.  That Judgment be entered in favor of Plaintiffs and against Defendants TNT SUPERSTEEL and STEVENS, jointly and severally, in the amount of $6,880.92 for unpaid liquidated damages and interest owed as a result of untimely contribution payments for October 2015;

C.  That Judgment be entered in favor of Plaintiffs and against Defendants TNT SUPERSTEEL and STEVENS, jointly and severally, in the amount of $21,458.30 for unpaid contributions and liquidated damages for the month of January 2016;

D.  That Judgment be entered in favor of Plaintiffs and against Defendants TNT SUPERSTEEL and STEVENS, jointly and severally, in an unknown amount, for unpaid contributions and liquidated damages for the month of February 2016;

E.  That Judgment be entered in favor of Plaintiff and against Defendants TNT SUPERSTEEL and STEVENS, jointly and severally, interest on the contributions unpaid by TNT SUPERSTEEL at the rate of prime plus two percent (2%) per annum for each month that contributions remain unpaid;

F.  That Judgment be entered in favor of Plaintiffs and against Defendants TNT SUPERSTEEL and STEVENS, jointly and severally, for any contributions, union dues, liquidated damages and interest found to be due and owing in addition to the amounts referenced in paragraphs B–E above;

G. That Defendants TNT SUPERSTEEL and STEVENS be ordered to pay wages to TNT SUPERSTEEL's bargaining unit employees who performed covered work for the months of January and February 2016 in accordance with the Principal Agreement;

H. That Defendants TNT SUPERSTEEL and STEVENS be ordered to pay reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Principal Agreement, Trust Agreement and 29 U.S.C. § 1132(g)(2)(D);

I. That this Court enter an Order requiring the Defendants TNT SUPERSTEEL and STEVENS to comply with all terms of the Principal Agreement and Trust Agreements, including but not limited to the timely submission of all ongoing wages, contribution reports and contribution payments; and

J. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendants TNT SUPERSTEEL and STEVENS's cost,pursuant to 29 U.S.C. § 1132(g)(2)(E).

    Respectfully submitted,

    **STRUCTURAL IRON WORKERS**
    **LOCAL NO. 1 PENSION FUND**

    /s/ Melinda J. Wetzel – 6314257
    One of Plaintiff's Attorneys

Melinda J. Wetzel
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 757-5478
wetzel@johnsonkrol.com

March 8, 2016